UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCF WAXLER MARINE, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 16-902 AND CONSOLIDATES CASES |
| M/V ARIS T, ET AL. | SECTION A(1) |

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 160)** filed by Valero Refining – New Orleans, LLC, Motiva Enterprises, LLC, and Shell Chemical, LP. Third-party defendants New York Marine and General Insurance Co., Stonington Insurance Co., National Specialty Insurance Co., and Certain Underwriters at Lloyd's of London oppose the motion.[1] The motion, noticed for submission on August 9, 2017, is before the Court on the briefs without oral argument.[2]

These consolidated cases arise out of an incident that occurred on January 31, 2016, wherein the M/V ARIS T allided with various vessels and facilities on the Mississippi River. The resulting physical damage and economic losses are alleged to be substantial.

The ARIS T attributes fault to two south-bound tugs—the M/V LORETTA CENAC and the M/V ELIZABETH M. ROBINSON—that it claims blocked its safe passage

---

[1] Continental Insurance Co. and AGCS Marine Insurance Co. have filed a response. See note 3, *infra*.

[2] Valero Refining – New Orleans, LLC has requested oral argument but the Court is not persuaded that oral argument would be beneficial beyond the parties' excellent memoranda.

upriver causing the ARIS T to maneuver into various other vessels and stationary facilities. Cenac Marine Services, LLC was owner and operator of the LORETTA CENAC and it filed a limitation action in defense of the claims asserted against it (CA16-1614). Movants herein, Valero Refining – New Orleans, LLC, Motiva Enterprises, LLC, and Shell Chemical, LP ("Movants") filed third-party complaints against Cenac's insurers under the auspices of the Louisiana Direct Action Statute, La. R.S. § 22:1269. The answers of those insurers included a limitation of liability defense.

Movants contend that Cenac's policies of insurance do not include the language required by the Fifth Circuit to support a limitation of liability defense in favor of a vessel's insurers. Movants therefore seek partial summary judgment in their favor, dismissing the limitation of liability defense raised by Cenac's insurers in their answers to Movants' third-party complaints. The motion is opposed by Cenac's first and second excess insurers (the "Excess Insurers").[3] The parties concur that the resolution of the motion turns on the language contained in Cenac's *primary* policy because the excess policies are follow-form policies.

In *Crown Zellerbach Corp. v. Ingram Industries, Inc.*, 783 F.2d 1296 (5th Cir. 1986), the en banc Fifth Circuit overruled *Olympic Towing Corp. v. Nebel Towing Co.*, 419 F.2d 230 (5th Cir. 1969), and held that a P&I policy's insurer could limit its liability to that of the vessel owner's liability when the terms of its policy allow it to do so. In reaching this holding, the appellate court distinguished the situation where an insurer

---

[3] Continental Insurance Co. and AGCS Marine Insurance Co. issued Cenac's primary P&I policy. The primary insurers have filed an opposition to Movants' motion solely for the purpose of contesting Movants' description of Cenac's captain's conduct in the minutes leading up to the incident. (Rec. Doc. 164). Otherwise, the primary insurers advise that they have no interest in the outcome of Movants' motion because their primary limits of coverage ($1 million) are far below the $14,602,365.00 limitation fund posted by Cenac in these consolidated proceedings.

attempts to invoke the federal Limitation of Liability Act—a statutory defense provided for the benefit of its insured (the ship owner) not the insurer—from the situation where an insurer's policy contains language that allows it to limit its exposure to that of the vessel owner (assuming that it prevails on its limitation defense). *Id.* at 1300. Importantly, the court explained how merely enforcing the policy as written would not contravene Louisiana's Direct Action statute, which on its face rejects any notion that the statute serves as a means to impose new liabilities or deprive the insurer of its valid policy defenses. *Id.* at 1299.

Cenac's primary policy of insurance contains the following statement:

> The Assurer hereby undertakes to make good to the Assured or the Assured's executors, administrators and/or successors, all such loss and/or expense ***as the Assured shall as owners of the vessel named herein have become liable to pay and shall pay*** on account of the liabilities, risks, events and/or happenings herein set forth . . . .

(Rec. Doc. 168-1, Exhibit 1 at 983) (emphasis added).

This language makes clear that if Cenac were to prevail on its limitation defense, it would be indemnified solely for the amounts for which it was actually liable. Thus, the insurer's exposure to its own insured is limited solely to indemnity.

While the Direct Action Statute overrides the "and shall pay" language in the policy by giving Movants a right of direct action against the insurer, it does not and cannot increase the insurer's exposure beyond the express terms of the policy. The Direct Action Statute could not be clearer in that recovery via the direct action is within the terms and limits of the policy and any action brought via the direct action statute is subject to all of the lawful terms and conditions of the policy, including the defenses. La. R.S. § 22:1269(C), (D); *see Gorman v. City of Opelousas*, 148 So. 3d 888 (La. 2014).

Movants' position, which seeks to hold the insurer liable for amounts beyond what it agreed to pay when it issued the policy, is inimical to Louisiana law.

Moreover, *Crown Zellerbach* does not suggest that federal maritime law requires policy language that refers specifically to the limitation of liability under federal law. To be sure, the policy at issue in *Crown Zellerbach* did contain more precise language than the primary policy at issue in this case, but it simply does not follow from anything in the opinion that special language is required. Again, what *Crown Zellerbach* recognizes is that nothing in maritime law or Louisiana law is contravened when the insurer seeks to limit its liability to that of the vessel owner when that is expressly what its policy allows.

In sum, while the Excess Insurers have no right to assert directly a limitation of liability defense, they are not liable beyond the indemnity obligation imposed by the primary policy.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 160)** filed by Valero Refining – New Orleans, LLC, Motiva Enterprises, LLC, and Shell Chemical, LP is **DENIED**.

September 5, 2017

					_____
					JUDGE JAY C. ZAINEY
					UNITED STATES DISTRICT JUDGE