UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCF WAXLER MARINE, LLC | CIVIL ACTION |
| VERSUS | NO. 16-902<br>and consol. cases |
| M/V ARIS T | SECTION: M (1) |

**ORDER & REASONS**

Before the Court are motions *in limine* filed by Motiva Enterprises LLC; Shell Chemical, LP; and ARIS T ENE and Maramas Navigation, Ltd. (collectively "*Aris T* Interests"); and by Valero Refining - New Orleans, L.L.C., seeking to exclude from evidence at trial the report of the National Transportation Safety Board (the "Board"), arguing that it is inadmissible under 49 U.S.C. § 1154(b).[1] The motions are unopposed. Because § 1154(b) states that, "[n]o part of a report of the Board, related to an accident or investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report," the motions (R. Docs. 324 & 325) are GRANTED.

Also, before the Court is a motion *in limine* filed be the *Aris T* Interests seeking to exclude from evidence at trial materials pertaining to the United States Coast Guard's marine casualty investigation and report.[2] The *Aris T* Interests argue that such materials are inadmissible under 46 U.S.C. § 6308(a), which states that "no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil

---
[1] R. Docs. 324 & 325.
[2] R. Doc. 326.

… proceedings ….">[3] Cenac Marine Services, LLC ("Cenac") and Genesis Marine, LLC ("Genesis") agree that the materials are not generally admissible, but oppose the motion arguing that they seek to use the report for impeachment of NOBRA pilot Michael Leone ("Leone") and to examine Leone's competence.[4] Cenac and Genesis argue that the materials are admissible for impeachment purposes and for establishing underlying-fact-based investigatory evidence especially if the Coast Guard representative who gathered such evidence testifies at trial. *See In re Complaint of Crosby Tugs, L.L.C.*, 2004 WL 5482859, at *2 (E.D. La. Aug. 16, 2004) (Coast Guard's post-accident measurement of water depth admissible if Coast Guard investigator taking measurements testified at trial and ruling on admissibility of Coast Guard report for impeachment purposes deferred until trial). Having considered the parties' memoranda and the applicable law, the Court rules that the motion is GRANTED as to generally excluding the materials, and DENIED as to their use for the limited purposes cited in *Crosby Tugs*.

New Orleans, Louisiana, this 19th day of April, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[3] *Id.*
[4] R. Docs. 328 & 332.